IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CV-30-FL

| | | |
|---|---|---|
| WAYNE BRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PNC BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion for injunctive relief. (DE 3). Plaintiff therein seeks a temporary restraining order and a preliminary injunction. For the reasons stated below, plaintiff's motion for temporary restraining order is denied, and hearing on plaintiff's motion for preliminary injunction is held in abeyance, until proof of service on defendant is made.

**BACKGROUND**

Plaintiff, proceeding *pro se*, requests a court order prohibiting defendant from conducting a foreclosure sale on his property in Craven County, North Carolina, by power of sale. Pursuant to N.C. Gen. Stat. § 45-21.16 the Craven County, North Carolina, Clerk of Court held hearing on the underlying foreclosure on March 3, 2014, at which time defendant was authorized to proceed with a public foreclosure sale. See In re The Foreclosure of a Deed of Trust Executed by Wayne L. Brady and Charlotte H. Brady in the Original Amount of $648,000.00 dated May 6, 2005, recorded in Book 2304, Page 210, and Modificatoin in Book 2992, Page 21, Craven County Registry Substitute Trustee Services, Inc., Substitute Trustee, 13 SP 259 (Order, March 3, 2014). As relevant here, plaintiff alleges defendant provided notice on January 25, 2015, of a pending foreclosure sale,

with public sale to occur Monday, February 23, 2015. See id. (Amended Notice of Foreclosure Sale, Jan. 26, 2015).

**DISCUSSION**

Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In addition, the Rule requires "the movant's attorney certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

As an initial matter, plaintiff has failed to comply with the requirements established by the Rule. In particular, plaintiff has failed to provide a description of the efforts made to contact defendant, or why such efforts should not be required. This omission is particularly suspect as plaintiff alleges he received notice on January 25, 2015.

In any event, plaintiff is unlikely to succeed on the merits, where plaintiff admits he stopped making payments on the note in or around February 2014, and where plaintiff in effect seeks to nullify in this court the state court's findings authorizing foreclosure to proceed. Plaintiff also has failed to establish that any immediate and irreparable harm will occur, where the upset bid period

prohibits the foreclosure sale from becoming final for, at minimum, 10 days. See N.C. Gen. Stat. § 45-21.27.

## CONCLUSION

Based on the foregoing, plaintiff's motion for a temporary restraining order is DENIED. (DE 3). The court HOLDS IN ABEYANCE plaintiff's motion for preliminary injunction, until proof of service on defendant is made.

SO ORDERED, this the 20th day of February, 2015.

LOUISE W. FLANAGAN
United States District Judge