IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO.  4:15-CV-30-FL

| | | |
|---|---|---|
| WAYNE BRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| PNC BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

This matter, in which hearing was held March 2, 2015, came then before the court on plaintiff's motion for preliminary injunction, (DE 3), and defendant's purported motion to dismiss for lack of subject matter jurisdiction, (DE 11).  This opinion expounds on basis for decision issued from the bench to deny plaintiff's motion for preliminary injunction and dismiss defendant's stated motion to dismiss.

## COURT'S DISCUSSION

A.      Overview

On February 19, 2015, plaintiff filed a verified motion for a temporary restraining order, or, in the alternative, a preliminary injunction.  (DE 3).  Plaintiff moved this court to enjoin a foreclosure sale scheduled for February 23, 2015.  On February 20, 2015, the court entered order denying plaintiff's motion for temporary restraining order for a number of reasons, including failure to comply with the procedural requirements set forth in Federal Rule of Civil Procedure 65, inability to demonstrate a likelihood of success on the merits, and in ability to demonstrate any immediate and irreparable harm accruing from the foreclosure.  (DE 6).  In addition, the court held in abeyance

ruling on plaintiff's motion for preliminary injunction until proof of service on defendant was shown.

On February 24, 2015, plaintiff filed proof of service, and the court set this matter for hearing on March 2, 2014. At hearing, plaintiff did not appear. He was unable to attend, as presented by his wife, due to a serious medical condition of which he had knowledge prior to the hearing date. Upon inquiry, the court confirmed plaintiff's wife is not an attorney and, as such, may not represent plaintiff. Having been briefed on plaintiff's motion, the court proceeded with hearing where no motion to continue had been made, it appearing manifest, even in plaintiff's absence, that plaintiff is desirous of obtaining injunctive relief at the earliest opportunity. The court noted plaintiff's filings have a quality of having been massaged by an attorney; however, no attorney had made any appearance.

B.      Analysis

The court turns its attention first to plaintiff's motion for preliminary injunction. To obtain a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, the movant must establish the following: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has failed to carry his burden. In particular, plaintiff is unlikely to succeed on the merits, where plaintiff admits he stopped making payments on the note in or around February 2014, and where plaintiff, in effect, seeks to nullify in this court the state court's findings authorizing the foreclosure to proceed. No appeal timely was taken in the state proceeding. As

2

such, this motion was denied.

Defendant filed a response to plaintiff's motion for preliminary injunction on February 27, 2015, (DE 11), and embedded within defendant's response a motion to dismiss for lack of subject matter jurisdiction, brought pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant contends this court lacks subject matter jurisdiction under the <u>Rooker</u>-<u>Feldman</u> doctrine, characterizing plaintiff as a state court loser seeking redress of injuries caused by the state court order allowing foreclosure to proceed.

The motion informed defendant's response to plaintiff's motion for preliminary junction, and in that vein it was considered by the court. However, to the extent defendant would seek this filing to promote its dismissal, defendant has not filed properly with the court any motion raising that issue now for decision, as acknowledged at hearing.[1]

Pursuant to the Local Civil Rules, a motion may not be embedded within a document, but instead must be docketed separately. <u>See</u> Local Civ. R. 7.1 & 7.2. In this matter, given that defendant has failed to file a motion to dismiss with memorandum in support, and also given plaintiff's *pro se* status, the court is not inclined to rule on this issue *sua sponte*. If defendant properly files its motion to dismiss, Local Civil Rule 7.1(e) grants plaintiff 21 days from that date to prepare and file with the court a response. The court will not rule on this issue until plaintiff has an opportunity to be heard.

This determination dovetails with the wife's request for more time; however, again, she cannot represent her husband and Mr. Brady will have to attend to his own business with this court either personally or through counsel. The court was heard to have said at hearing, by all there

---

[1] Of aid to him, however, plaintiff was given benefit of early insight now into the defense strategy of defendant by the form of that filing at docket entry no. 11.

present, that if, as commented on by Mrs. Brady, plaintiff is desirous of being represented by counsel, it behooves plaintiff to get his counsel involved very soon with this case, given the fact the foreclosure sale occurred last week.

## CONCLUSION

In accordance with the foregoing, and for other reasons stated at hearing, plaintiff's motion for preliminary injunction is DENIED. (DE 3). Defendant's attempted motion to dismiss for lack of subject matter jurisdiction (DE 11) is DISMISSED without prejudice for failure to conform with established motions practice. Should defendant seek properly to raise a motion on the docket it may, however, refer to its brief in response to the motion for preliminary injunction and, if deemed appropriate, incorporate arguments therein by reference, with deference to Rule 1 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 3rd day of March, 2015.

LOUISE W. FLANAGAN
United States District Judge

4