IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CV-30-FL

| | | |
|---|---|---|
| WAYNE BRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PNC BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (DE 14). Plaintiff's time for response has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action on February 19, 2015, alleging common law claims for wrongful attempted foreclosure ("Count I") and fraudulent misrepresentation ("Count II"), as well as a statutory claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f ("Count III"). Plaintiff seeks damages and an injunction prohibiting defendant from conducting a foreclosure sale on his property in Craven County, North Carolina.

Plaintiff's claims arise from defendant's attempted foreclosure of his property by virtue of a power of sale clause contained in the mortgage instrument. On March 3, 2014, pursuant to N.C. Gen. Stat. § 45-21.16, the Craven County, North Carolina Clerk of Court held hearing on the

underlying foreclosure and authorized defendant to proceed with a public foreclosure sale.  See *In re* The Foreclosure of a Deed of Trust Executed by Wayne L. Brady and Charlotte H. Brady in the Original Amount of $648,000.00 dated May 6, 2005, recorded in Book 2304, Page 210, and Modification in Book 2992, Page 21, Craven County Registry Substitute Trustee Services, Inc., Substitute Trustee, 13 SP 259 (Order, March 3, 2014).  Plaintiff did not appeal the Clerk's decision. See id.

For a period of approximately one year, defendant took no further action.  On January 25, 2015, defendant provided plaintiff notice of a public sale of the property to occur on February 23, 2015. (Compl., DE 1, ¶15).  In response, plaintiff filed this action.  On February 20, 2015, this court denied plaintiff's motion for temporary restraining order.  The court held hearing on plaintiff's motion for preliminary injunction on March 2, 2015, where the court denied such motion.

Defendant filed the instant motion to dismiss on March 6, 2015. Defendant primarily argues that the court lacks subject matter jurisdiction over plaintiff's claim by operation of the Rooker-Feldman doctrine.  In addition, defendant argues plaintiff's claims are legally and factually insufficient and do not state a claim upon which relief can be granted.

## DISCUSSION

A.   Standard of Review

1. Rule 12(b)(1)

To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of showing that subject matter jurisdiction is appropriate. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  Such a motion may attack the existence of subject matter jurisdiction in fact, apart from the complaint.  Adams, 697 F.2d at 1219.

2

In that instance, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The standard of review, however, is the same as with a motion for summary judgment. Thus, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citations omitted).

2. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement [,] ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

3

Courts must liberally construe *pro se* complaints, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 105 (1976)). However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011). "The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

B.   Subject Matter Jurisdiction

Under the Rooker-Feldman doctrine, district courts lack subject matter jurisdiction to hear actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine only applies "when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006). By contrast, the doctrine does not apply where a federal plaintiff asserts a claim independent of the prior state claim, such as where the injury complained of in federal court was caused by a third party rather than by the state court judgment itself. See Exxon, 554 U.S. at 293; Davani, 434 F.3d at 719.

The court lacks subject matter jurisdiction to hear Count I by virtue of the Rooker-Feldman doctrine. To entertain Count I, the court would have to sit in review of the Craven County Clerk of

4

Court's judgment authorizing defendant to proceed with the foreclosure sale.  Although plaintiff grounds Count I in defendant's actions, any challenge to defendant's actions necessarily requires review of the state court judgment.  Thus, Count I really is a challenge to the state court's judgment and may not be entertained by this court.

Turning next to Counts II and III, the Rooker-Feldman doctrine also divests the court of subject matter jurisdiction to hear these claims.  Plaintiff suggests defendant committed fraud and violated the FDCPA by proceeding to foreclosure sale without valid possession of the note.  However, § 45-21.16 requires the Clerk find that "the party seeking to foreclose is the holder" of the note.  N.C. Gen. Stat. § 45-21.16.  Thus, again, Counts II and III would require the court to assess the conclusions of law made by the Clerk.  The Rooker-Feldman doctrine prohibits this court from doing so.  See Davani, 434 F.3d at 713.

C.      Failure to State a Claim

To the limited extent plaintiff alleges defendant committed fraud or violated the FDCPA prior to the March 3, 2014, state court judgment, those allegations fail to state a claim upon which relief can be granted.

1. Count II

Under North Carolina law, to state a claim for fraud plaintiff must allege a "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive,  (5) resulting in damage to the injured party." Ragsdale v. Kennedy, 286 N.C. 130, 138 (1974). Plaintiff alleges that defendant falsely represented that it held the note on several occasions, but plaintiff fails to allege sufficient facts to satisfy each element of fraud for any of those occasions.  In particular, defendant did not make a false

5

representation or concealment of material fact after March 2012, and plaintiff fails to allege intent to deceive prior to March 2012.

With regard to the period from March 2012, to present, plaintiff has failed to allege defendant made any actionable false statement. Plaintiff alleges that RBC Bank held the note originally. (Compl. ¶12). Plaintiff concedes that defendant purchased RBC Bank in March 2012. (Id. ¶5). Articles of Merger filed with the North Carolina Secretary of State reveal that this "purchase" really was a merger.[1] Through merger with RBC Bank, defendant is "deemed to be the same corporation" as RBC Bank, and defendant became the note holder by operation of law. See 12 U.S.C. § 215a(e); see also Econo-Travel Motor Hotel Corp. v. Taylor, 301 N.C. 200, 204 (1980). Thus, defendant became the note holder in March 2012. Because Count II is premised on defendant falsely representing that it held the note, plaintiff cannot state a claim for any representations to that effect made after March 2012.

With respect to the period preceding March 2012, the only false representation alleged to have occurred during this period, is a "notice of assignment, sale or transfer of serving" received by plaintiff in February 2012. (Compl. ¶6). To the extent plaintiff grounds Count II in this notice, this claim must be dismissed because plaintiff has not alleged defendant's intent to deceive him sufficiently. Indeed, although plaintiff alleges that defendant orchestrated a "mortgage scam," (Compl. ¶20), which arguably implies intent, it would be unreasonable to infer intent to defraud

---

[1] The court may consider public records outside of the complaint without converting defendant's motion to dismiss into one for summary judgment. See Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (noting it was proper during Rule 12(b)(6) review to consider statistics publically available on an official Virginia Division of Legislative Services website); see also Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 771 n.1 (E.D.N.C. 2011). The Articles of Merger (with Certification of Approval from the Comptroller of the Currency) are available at http://www.secretary.state nc.us/search/CorpFilings/4837480.

6

where defendant purchased RBC Bank, the note holder, and validly became the note holder by operation of law within the next month.

2. Count III

Finally, Count III must be dismissed because defendant is not a "debt collector" as defined by the FDCPA. The FDCPA only applies to "debt collectors," see 12 U.S.C. § 1692f; see also Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 274-75 (4th Cir. 2006), which is defined as a person who:

> uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12 U.S.C. § 1692a(6); see also Wilson, 443 F.3d at 379 n.2. However, not every person who engages in collecting a debt qualifies as a "debt collector." In particular, any person "attempting to collect ... a debt which was not in default at the time it was obtained by such person is not a 'debt collector,' and may not be sued under the FDCPA." See Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); see also Reaves v. Seterus, Inc., No. 5:15-CV-33-FL, 2015 WL 2401666, at *3 (E.D.N.C. May 20, 2015) (quotations omitted).

In the case at bar, defendant became the note holder in March 2012. Plaintiff did not default on the loan until February 2014 (Compl. ¶9). Accordingly, defendant is not a debt collector under the FDCPA, and plaintiff cannot state a claim under the FDCPA. Accordingly, Count III must be dismissed.

In sum, to the limited extent this court has subject matter jurisdiction to hear plaintiff's claims, plaintiff has failed to state a claim upon which relief can be granted. Defendant did not make

7

a false representation or conceal a material fact after March 2012, and plaintiff fails to allege intent to deceive prior to March 2012. Moreover, defendant is not a debt collector under the FDCPA.

## CONCLUSION

Based on the foregoing, defendants's motion to dismiss is GRANTED. (DE 14). The clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of July, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge